**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | | **CASE NO. 06-33139-H4-11** |
| **MAZADA ENTERPRISES, INC.** | | |
| | § | |
| **DEBTOR** | § | |

| | | |
|---|---|---|
| **AHARON ERIC PROBA,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **ADVERSARY NO. 06-** |
| **VS.** | § | |
| | § | |
| **LARRY CAPLAN,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**COMPLAINT FOR DECLARATORY JUDGMENT AND TO DETERMINE OWNERSHIP**
**INTEREST IN STOCK**</u>

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

      **COMES NOW, AHARON ERIC PROBA,** Plaintiff herein, and pursuant to Bankruptcy Rules 7001(2), (7), and (9), files this Complaint for Declaratory Judgment and to Determine Ownership Interest in Stock, against Larry Caplan, Defendant herein, and would respectfully show unto the Court as follows:

**I.**

<u>**JURISDICTION AND VENUE**</u>

      1. The Court has jurisdiction over this matter under 28 USC Sections 157 and 1334. This is a core proceeding under 28 USC Section 157(b)(2)(O).

1

2.  Venue is proper in this District under 28 USC Section 1409(a).

## II.

### PARTIES

3.  Plaintiff Proba is an individual resident of Fort Bend County, Texas.

4.  Defendant Caplan is an individual believed to be currently residing at 5331 Pine Arbor Drive, Houston, Texas 77066 and may be served with process by serving a Summons and copy of this Complaint upon him at such address.  A copy of the Summons and Complaint is also being served upon Mr. James B. Jameson, at his address, 2211 Norfolk, Suite 800, Houston, Texas 77098, and via telecopy no. (713) 807-1710.

## III.

### FACTUAL BACKGROUND AND CAUSES OF ACTION

5.  On July 7, 2006, a voluntary chapter 11 case was filed by Mazada Enterprises, Inc. (the Debtor).  The bankruptcy petition was signed by Mr. Larry Caplan (Defendant) in his purported capacity as President of the Debtor.

6.  The voluntary petition filed by the Debtor on July 7, 2006 was signed by Defendant Caplan in his purported capacity as President of the Debtor Corporation.  Plaintiff Proba believes he is the President of the Debtor Corporation.  Plaintiff believes he is the sole Director of the Debtor Corporation.  Plaintiff believes he is the majority shareholder of the Debtor Corporation

2

owning 90% of the Debtor Corporation.  Plaintiff believes, for the reasons set forth below, that Defendant Caplan had no authority to act or to represent himself to be the President and Director of the Debtor Corporation; that Defendant had no authority to retain counsel on behalf of the Debtor; that Defendant Caplan had no authority to place the Debtor into bankruptcy; and that Defendant has unlawfully taken over the Debtor Corporation.

7.   Prior to the chapter 11 filing, Patrick and Norma Thonen,  10% shareholders of the Debtor Corporation, filed a lawsuit against Plaintiff Proba, et al, in the 240th District Court of Fort Bend County, Texas, Cause No. 03-CV-133564.  The lawsuit was originally filed  on December 24, 2003. The Thonen's assigned all of their interest in the lawsuit to LLIT Consulting, Inc. (LLIT) on October 7, 2005.  LLIT is a corporation owned 100% by Defendant Caplan.

8.  In 2005, Plaintiff and the Debtor Corporation filed a lawsuit against Defendant Caplan and his corporation, LLIT, in the 113th District Court of Harris County, Texas, Cause No. 2005-25739.

9.   As a result of both lawsuits, in May 2006, Plaintiff and Defendant commenced negotiations through their attorneys, Mr. Ronald Cohen and Mr. Stephen Doggett, respectively, to settle the issues raised in the lawsuits.  A document entitled Mutual Settlement Agreement and Release (the Settlement Agreement) was prepared by the attorneys and reduced to writing.  To date, the

3

Settlement Agreement has not been executed by Plaintiff or Defendant.  The core of the Settlement Agreement is that (1) LLIT will initially pay Plaintiff a certain sum upon execution of the Settlement Agreement; (2) Plaintiff will transfer to Defendant 90% of his ownership interest in the Debtor Corporation; (3) Plaintiff will resign as President and Director of the Debtor Corporation; and  (4) the parties will execute mutual releases settling all matters between them.

10.  Sometime in June, 2006, and during the time that the Settlement Agreement was being negotiated, Defendant requested that Plaintiff meet with him.  The Plaintiff and Defendant met without any attorneys present.  At the meeting, Defendant presented Plaintiff with three documents that he prepared prior to the meeting and requested that Plaintiff sign them.  Defendant presented the following documents to Plaintiff for his signature: (1) Resignation as Officer and Director of Mazada Enterprises, Inc. - to be effective May 3, 2006; (2) Unanimun (sic) Written Consent of Shareholders in Lieu of Special Shareholders Meeting - to be effective May 19, 2006; and (3) Special Meeting of Shareholders dated June 7, 2006. The documents are attached hereto as Exhibits A, B, and C, respectively, and are incorporated herein by reference.

11.  Plaintiff signed the three documents facially agreeing to resign as an officer and director of the Debtor; to elect and appoint  Defendant a Director and to sell his 90% ownership interest in the Debtor to Defendant. Defendant has not tendered

4

any money or other consideration to Plaintiff for the purported transfer of the stock.  Plaintiff alleges that Defendant removed the three signed documents from his desk without his consent, authority, and knowledge.

12.  After the meeting described in paragraph 10 above, Plaintiff continued to operate the Debtor Corporation.  Plaintiff continued to run the affairs of the Debtor Corporation. Plaintiff continued to pay the ongoing debts of the Corporation. Plaintiff continued to sign paychecks for employees.  Plaintiff made deposits into the corporate bank accounts.  Plaintiff continued to purchase goods, supplies, and inventory for the Debtor Corporation.  Plaintiff remained in control of the Debtor Corporation up until July 11, 2006 when he received notification of the July 7, 2006 chapter 11 filing.  On July 11, 2006, Defendant changed the locks on the Debtor's place of business. Also, on that date, Plaintiff was advised in writing by Defendant's attorney that any attempt to access or enter the property where the Debtor conducted business would be a violation of the automatic stay.

13.  Plaintiff never intended to resign as President and Director of the Debtor Corporation without the execution of the Settlement Agreement.  Defendant never intended to elect and appoint Defendant a Director of the Debtor Corporation without the execution of the Settlement Agreement.  Defendant never intended to sell his ownership interest in the Debtor Corporation to Defendant without the execution of the Settlement Agreement.

5

Plaintiff has not received any consideration for the stock. Defendant would not have sold his ownership interest in the Debtor Corporation without the execution of the Settlement Agreement and certainly would not have given away a 90% ownership interest in a viable company for absolutely nothing. The Settlement Agreement was a global settlement of the issues between Plaintiff and Defendant. The three documents signed by Plaintiff (Exhibits A, B, and C) are crucial parts of that global settlement. The signed documents had no effect without the execution of the Settlement Agreement. It was not the intent for the signed documents to have life and meaning on their own without the execution of the Settlement Agreement.

14.    Attached hereto as Exhibit D and incorporated herein for all purposes, is an Affidavit executed by Plaintiff's attorney, Mr. Ronald Cohen. The Affidavit sets forth that he and Mr. Stephen Doggett, were working on a Settlement Agreement and that upon all parties signature to the Settlement Agreement, Defendant would pay to Plaintiff, a certain sum, in exchange for the mutual release of the lawsuits and transfer of the stock in the Debtor Corporation.

15.    Under penalty of perjury, Defendant has filed sworn Bankruptcy Schedules. Schedule E does not list any creditors holding unsecured priority claims. Schedule F lists a total of $204,304.64 in unsecured nonpriority claims. Of this amount, $13,334.64 is claimed to be owed to Gexa Energy for an unpaid utility bill; $5,000.00 is claimed to be owed to a Mark Dixon for

6

unpaid accounting fees (this claim is listed as disputed); $100.00 is claimed to be owed to Mobil Mini Storage (listed as disputed); $500.00 is claimed to be owed to Nextel Communications; $10.00 is claimed to be owed to Pro Am Services (listed as disputed); $60.00 is claimed to be owed to Protection One Alarm Monitoring; $100.00 is claimed to be owed to Silver Eagle Distributors, Inc.; and $100.00 is claimed to be owed to Terminix International.  The total amount of these unsecured claims is $19,204.64, with the bulk being the utility bill and disputed accounting fees ($18,334.64).  Plaintiff alleges that these claims are all current amounts currently owed by the Debtor Corporation other than the claim owed to Gexa Energy and to the accountant.  The remaining balance of the unsecured nonpriority claims, totaling $185,000.00 consists of the following contingent, unliquidated, disputed, and insider claims: $20,000.00 owed to Frederick Forlano.  Although Defendant lists this debt as a business debt, he is well aware that it is a debt owed to an attorney for legal fees for representing the Debtor and Plaintiff in litigation brought by the Defendant against the Debtor and Plaintiff.  Defendant further lists this claims as subject to offset and counter-claim. $10,000.00 is listed as a claim owed to Defendant as an insider loan from a shareholder. Clearly, Defendant recently incurred this debt on behalf of the Debtor. $125,000.00 is listed as a claim owed to Mior Gabrielli for an investment loan. This claim is listed as disputed. $30,000.00 is listed as a claim owed to Stephen Doggett for legal

7

fees in a pending lawsuit.  Defendant does not list this claim as
contingent, unliquidated, and disputed.  Mr. Doggett represents
Defendant individually and his corporation, LLIT, in pending
lawsuits he has brought against the Debtor and Plaintiff and in
the Settlement Agreement. Apparently, Defendant has placed the
Debtor into a chapter 11 for nonpayment of a $13,334.64 utility
bill and $5,000.00 in disputed accounting fees.  The remaining
unsecured debts of the Debtor are insignificant, or are insider
claims, or are contingent, unliquidated claims, or are listed as
disputed claims.  Plaintiff asserts that there is nothing for the
Debtor to reorganize and that Defendant has flagrantly abused the
purposes for seeking chapter 11 relief.

**IV.**

**<u>RELIEF SOUGHT</u>**

16.  Plaintiff requests declaratory relief and judgment that
he did not resign as President and Director  and that he remains
as President and Director of the Debtor Corporation.  Plaintiff
requests declaratory relief and judgment that his resignation as
President and Director never took effect because the Settlement
Agreement was not executed.  Plaintiff requests declaratory
relief and judgment that he did not appoint Defendant a Director
and that Plaintiff remains a Director of the Debtor Corporation.
Plaintiff requests declaratory relief and judgment that the
purported sale of the stock to Defendant never took effect
because the Settlement Agreement was not executed.  Plaintiff
requests declaratory relief and judgment that he remains a 90%

owner of the Debtor.  Plaintiff requests declaratory relief and judgment that Defendant has no authority to act on behalf of the Debtor Corporation, whether in a corporate or individual capacity or by virtue of ownership rights.

_____17.  Plaintiff has been damaged by Defendant's actions in placing the Company into chapter 11.  Plaintiff has been deprived of an income from the Debtor Corporation since the date of the unauthorized filing by the Defendant.  Further, the Debtor's bank account prior to the bankruptcy filing has not had checks paid because Plaintiff has been denied access to the bank accounts and funds on hand.  Plaintiff signed checks on the Debtor's bank account prior to the filing which are not being honored by the Bank due to insufficient funds on hand. Plaintiff has been forced to incur attorneys fees and costs to remedy such actions taken by Defendant and he seeks to recover same.

**WHEREFORE, PREMISES CONSIDERED,** Aharon Eric Prova, Plaintiff, prays that the Defendant, Larry Caplan, be summoned to appear and answer this Complaint, and that upon final hearing hereof, the Court render a declaratory judgment in Plaintiff's favor; that Defendant be ordered to pay actual and punitive damages as well as reasonable attorneys' fees and costs; and that Plaintiff be entitled to such other and further relief, at law or in equity, as is just.

Respectfully submitted this 20th day of July, 2006.


    /s/ Karen R. Emmott
    _____

KAREN R. EMMOTT
SBN 16757900
Admissions No.  2000
1200 Smith Street, Suite 690
Houston, TX  77002
Tel: (713) 739-0008
Fax: (713) 655-9035
Attorney for Plaintiff

10

11